# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **STERLIN D. JOHNSON,** | |
| Plaintiff, | Civil Action Number |
| vs. | **2:12-cv-02776-AKK** |
| **SAFEWAY INSURANCE COMPANY, SAFEWAY INSURANCE COMPANY OF ALABAMA, INC., and DESMOND LAMONT SMOOT,** | |
| Defendants. | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Sterlin D. Johnson ("Plaintiff") seeks to remand the above captioned action to the Circuit Court of Jefferson County, Alabama, doc. 7, while Defendants Safeway Insurance Company ("SIC"), Safeway Insurance Company of Alabama, Inc. ("Safeway"), and Desmond Lamont Smoot (collectively "Defendants") seek to dismiss the complaint, docs. 2 and 3. For the reasons stated below, the court **GRANTS** Plaintiff's Motion to Remand and **MOOTS** Defendants' motions to dismiss.

## I.  STANDARD OF REVIEW

Federal courts are courts of limited jurisdiction, with the power to hear only cases authorized by the Constitution or by statute.  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  Moreover, courts are "obligated to inquire into subject-matter jurisdiction *sua sponte* whenever it may be lacking."  *Charon-Bolero v. U.S. Att'y Gen.*, 427 F.3d 954, 956 (11th Cir. 2005); *Allapattah Servs., Inc. v. Exxon Corp.*, 362 F.3d 739, 753 (11th Cir. 2004).  "[F]ederal courts are directed to construe removal statutes strictly. . . . [A]ll doubts about jurisdiction should be resolved in favor of remand to state court."  *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999).  In removal actions, the removing party bears the burden of establishing jurisdiction.  *Diaz v. Shepard*, 85 F.3d 1502, 1505 (11th Cir. 1996).

## II.  FACTUAL BACKGROUND

On or about May 10, 2007, Plaintiff was involved in an automobile accident, which eventually resulted in a lawsuit against him.  Doc. 1-2 at 7.  Pursuant to the terms of Plaintiff's insurance policy, he submitted the claim to SIC and Safeway and they, in turn, assigned it to defendant Desmond Smoot to handle.  *Id*.  Plaintiff alleges that, prior to the filing of the lawsuit against him, the individual involved in the accident, Joel Timothy Knight ("Knight"), offered

Defendants a chance to settle the claim for an amount within Plaintiff's policy limits, and that this settlement would have fully released Plaintiff from any further liability. *Id*. Further, Plaintiff alleges that Knight made clear that if Defendants rejected his settlement offer and made him file a lawsuit, he would no longer settle for an amount within the policy limits. *Id*. at 8. Apparently, Defendants rejected the settlement offer. *Id*. However, when Knight filed his lawsuit, Defendants made an offer of $20,000 – the policy limit. *Id*. True to his word, Knight rejected the offer. *Id*. Subsequently, a jury returned a $3,002,000 verdict in Knight's favor. *Id*. Defendants paid the $20,000 policy limit into the court to partially satisfy the judgment, leaving Plaintiff with a balance of $2,982,000. *Id*.

As a result, on July 14, 2012, Plaintiff filed breach of contract, negligence/ wantonness, bad faith, tort of outrage and fraudulent suppression claims against the Defendants in the Circuit Court of Jefferson County, Alabama. Doc. 1-2. Basically, Plaintiff alleges that Defendants are liable for failure to settle the lawsuit against him when the opportunity presented itself pre-trial. *Id.*

On August 23, 2012, Defendants filed their Notice of Removal on diversity grounds under 28 U.S.C. § 1441 and 28 U.S.C. § 1332. Doc. 1 at 2-3. To get around the fact that Plaintiff and Smoot are both citizens of Alabama, Defendants contend that Plaintiff fraudulently joined Smoot to defeat federal jurisdiction. *Id*.

at 2-3. For the reasons stated below, the court **GRANTS** Plaintiff's motion to remand.

## III. ANALYSIS

Since Plaintiff does not contest the $75,000 jurisdictional amount under 28 U.S.C. § 1332, doc. 7 at 3, the only issue to resolve is whether complete diversity exists. *See Henderson v. Washington Nat'l Ins. Co.*, 454 F.3d 1278, 1281 (11th Cir. 2006) (noting the complete diversity requirement). The resolution hinges on whether Defendants can show that Plaintiff fraudulently joined Smoot.

### A. Fraudulent Joinder

"When a defendant removes a case to federal court on diversity grounds, a court must remand the matter back to state court if any of the properly joined parties in interest are citizens of the state in which the suit was filed." *Id.* "However, if a defendant shows that there is no possibility the plaintiff can establish [any of the alleged] cause[s] of action against the resident defendant, then the plaintiff is said to have fraudulently joined the non-diverse defendant." *Florence v. Crescent Res., LLC*, 484 F.3d 1293, 1297 (11th Cir. 2007) (quotation marks and citation omitted). "Fraudulent joinder is a judicially created doctrine that provides an exception to the requirement of complete diversity." *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998). "In that

situation, the federal court must dismiss the non-diverse defendant and deny any motion to remand the matter back to state court." *Florence*, 484 F.3d at 1297.[1]

"When considering a motion for remand, federal courts are not to weigh the merits of a plaintiff's claim beyond determining whether it is an arguable one under state law.  If there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court *must* find that joinder was proper and remand the case to state court." *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997) (emphasis added).  "The plaintiff need not have a winning case against the allegedly fraudulent defendant; he need only have a *possibility* of stating a valid cause of action in order for the joinder to be legitimate." *Triggs*, 154 F.3d at 1287 (emphasis in original).  "The determination of whether a resident defendant has been fraudulently joined must be based upon the plaintiff's pleadings at the time of removal, supplemented by any affidavits and deposition transcripts submitted by the parties." *Pacheco de Perez v. AT&T Co.*, 139 F.3d 1368, 1380 (11th Cir. 1998).  Finally, the burden on the removing party to prove fraudulent joinder is a "heavy one." *See Crowe*, 113

---

[1] Fraudulent joinder may also exist "where there is outright fraud in the plaintiff's pleading of jurisdictional facts and . . . where there is no joint, several, or alternative liability between a diverse defendant and the non-diverse defendant, and the plaintiff's claims against the non-diverse defendant otherwise bear no real connection to the claims asserted against the diverse defendant," *Triggs*, 154 F.3d at 1287, but Defendants do not contend either here.

F.3d at 1538. "The defendant must make such a showing by clear and convincing evidence," *Henderson*, 454 F.3d at 1281, and "the district court must evaluate factual allegations in the light most favorable to the plaintiff and resolve any uncertainties about the applicable law in the plaintiff's favor," *Pacheco*, 139 F.3d at 1380.

### B. Potential Liability of Desmond Smoot

In their notice of removal, based on the law for breach of contract and bad faith claims against an insurance agent, Defendants assert that Plaintiff fraudulently joined Smoot because "[t]he gravamen . . . of the complaint [against Smoot] is that Safeway wrongfully failed to settle the claim at policy limits when it had the opportunity to do so" and that Plaintiff cannot state a claim against Smoot, as a claims adjuster, because "the duty to settle arises under the insurance contract and only exists between parties to that insurance contract" – which Smoot is not. Doc.1 at 8.[2] However, as Plaintiff correctly pointed out in the motion to

---

[2] In fact, consistent with their reliance on these two claims, Defendants repeatedly cite to the general proposition that in Alabama, "claims for breach of contract and bad faith based on an insurance contract may only be brought against a party to that contract[.]" Doc. 1 at 5. However, the cases cited by Defendants speak only to this proposition in relation to claims for alleged negligent performance of a contract. *See Pate v. Rollison Logging Equip., Inc.*, 628 So. 2d 337, 342-43 (Ala. 1993) (finding that summary judgment was appropriate for a negligent performance of a contract claim since the defendant, who was not even employed by the insurance company, was not a party to the contract at issue); *Ligon v. Furniture Co., Inc. v. O.M. Hughes Ins., Inc.*, 551 So. 2d 283, 285 (Ala. 1989) (finding that summary judgment was appropriate for breach of contract and bad faith claims against independent adjuster and his

remand, he does not plead breach of contract or bad faith against Smoot. Rather, Plaintiff alleges that Smoot is personally liable for negligence/wantonness, count II, the tort of outrage, count IV, and fraudulent suppression, count V. Doc. 1-2 at 9-10, 11-13. Defendants failed to rebut Plaintiff's contention and assert primarily that Johnson cannot prevail against Smoot.

While Smoot may well prove successful in avoiding liability, the court cannot say that there is *no possibility* that Plaintiff has asserted a viable cause of action against him for fraudulent suppression and/or outrage.[3] For example, although Defendants correctly assert that "[t]he tort of outrage is a very limited cause of action that is available only in the most egregious circumstances," *Thomas v. BSE Indus. Contractors, Inc.*, 624 So. 2d 1041,1044 (Ala. 1993), one of the cases in which the Alabama Supreme Court has recognized an outrage claim involved an instance "in which insurance agents employ[ed] heavy-handed,

---

employer, who were not parties to the insurance contract); *Butler v. Allstate Indem. Co., Inc.*, — F. Supp.2d — , No. 3:09-cv-838-WKW, 2010 WL 381164, *3 (M.D. Ala. Jan. 25, 2010) (finding fraudulent joinder where a defendant insurance agent was joined on a breach of contract and bad faith claim because he was not alleged to be a party to the insurance contract); *Owens v. Life Ins. Co. of Ga.*, 289 F. Supp.2d 1319, 1324 (M.D. Ala. 2003) (finding fraudulent joinder for a breach of contract claim plead against an insurance agent who was not a party to the contract and also for a fraud/fraudulent suppression claim that was barred by the statute of limitations). Indeed, Plaintiff concedes that he cannot maintain a breach of contract or bad faith claim against Smoot. Doc. 11 at 6.

[3] Plaintiff failed to address his negligence/wantonness claim in his briefing and appears to concede that he cannot prevail against Smoot on this theory. *See generally* docs. 7 and 11. Therefore, the court's analysis focuses only on the outrage and fraudulent suppression claims.

barbaric means to coerce insureds into settling insurance claims." *Tinker v. Beasley*, 429 F.3d 1324, 1330 (11th Cir. 2005) (internal quotation marks omitted); *see also Potts v. Hayes*, 771 So. 2d 462, 465 (Ala. 2000) (outlining three instances where the Alabama Supreme Court has recognized an outrage claim). While the facts Plaintiff allege do not fit this description, the case suggests nonetheless that certain conduct involving poorly handled insurance claims may fit within Alabama's outrage tort. In any event, Plaintiff does not have to prove at this juncture that his facts fit perfectly because the Alabama Supreme Court has explained that the tort of outrage is not restricted to the three specific circumstances articulated in *Potts*. *Little v. Robinson*, — So.3d —, No. 1090428, 2011 WL 1334416, at *4 (Ala. April 8, 2011).

     Ultimately, remand is warranted here because this court is prohibited from looking beyond the pleadings to the merits to conclude that Plaintiff's outrage claim would fail as a matter of law. Rather, the court must resolve uncertainties about how an Alabama court would rule in favor of the plaintiff on a motion to remand. *See Pacheco*, 139 F.3d at 1380. Moreover, it is not within this court's authority to weigh the merits of a plaintiff's claim but merely to determine whether it is "arguable . . . under state law." *Crowe*, 113 F.3d at 1538. The court finds a possibility exists that an Alabama court would find that Plaintiff sufficiently states

a claim for relief against Smoot for outrage. Therefore, the court *must* find that joinder was proper as to this claim. *See id.*

Likewise, Plaintiff's claim against Smoot for fraudulent suppression is plausible under Alabama law. Doc. 1-2 at 13-14. "To make out a prima facie case of fraudulent suppression, [a plaintiff] must show: (1) that [the defendant] had a duty to disclose; (2) that [the defendant] suppressed an existing, material fact; (3) that [the defendant] had actual knowledge of the fact of its materiality; (4) that her lack of knowledge induced her to act; and (5) that she suffered actual damages as a proximate result." *Hardy v. Blue Cross & Blue Shield of Ala.*, 585 So. 2d 29, 32 (Ala. 1991). On its face, Plaintiff's complaint alleges these elements. *See* Doc. 1-2 at 13-14.[4] As such, contrary to Defendants' contention, the claim is plead with the particularity required by Rule 9(b). *See* doc. 10 at 10. Alternatively, even if there is a pleading deficiency, Eleventh Circuit precedent instructs district courts "not to gauge the sufficiency of the pleadings" because "the decision as to the sufficiency of the pleadings is for the state courts, and for a federal court to

---

[4] The complaint alleges that: (1) Defendants had a duty to disclose information including that Knight made an offer to settle within the policy limits, that Knight made clear he would withdraw the offer upon filing suit, that filing the suit was imminent because of the approaching limitations period, that Plaintiff risked a judgment far exceeding the policy limits if Defendants rejected the offer, and that Plaintiff should seek independent counsel; (2) Defendants intentionally and recklessly withheld this information; (3) that the information was material; (4) that as a result he was left to defer to Defendants trial strategies and tactics; and (5) that he suffered actual damages of $2,982,000.00, in addition to mental anguish.

9

interpose its judgment would fall short of the scrupulous respect for the institutional equilibrium between the federal and state judiciaries that our federal system demands." *Henderson v. Washington Nat. Ins. Co.*, 454 F.3d 1278, 1284 (11th Cir. 2006). Consequently, this court's objective in evaluating the Motion to Remand is simply to determine whether Defendants have established by clear and convincing evidence that no Alabama court could find that Plaintiff sufficiently stated a fraudulent suppression claim. Defendants failed to make this showing.

## IV. CONCLUSION

In light of the "heavy burden" on Defendants to demonstrate fraudulent joinder, *Crowe*, 113 F.3d at 1538, and Defendants' failure to sufficiently address the outrage and fraudulent suppression claims against Smoot, the court finds that Defendants failed to provide the clear and convincing evidence necessary to establish fraudulent joinder. *See Henderson*, 454 F.3d at 1281. Therefore, this court **REMANDS** this action to the Circuit Court of Jefferson County, Alabama for lack of subject matter jurisdiction. *See Florence*, 484 F.3d at 1298-99 ("We hold that, if there is any possibility that the state law might impose liability on a resident defendant under the circumstances alleged in the complaint, the federal court *cannot* find that joinder of the resident defendant was fraudulent, and remand is *necessary*.") (emphasis added).

**DONE** this 27th day of September, 2012.

_____
**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE